THE STATE, EX REL. FRANK HOPKINS, V. SCHOOL DISTRICT NUMBER 7, IN SHERMAN COUNTY.

1.  School Bonds: EVIDENCE OF VALIDITY. Official certificates of the calling of an election in a school district for the purpose of voting on a proposition to issue $3,500 in the bonds of said district for the purpose of borrowing money to build a school house, and purchase a site therefor, of the posting up of notices of such election, of the holding of such election, and the result thereof, and of the issuance of such bonds, signed by persons claiming to be the director, moderator, and treasurer of said district, and the judges and clerk of said election, which official certificates were received in evidence upon the agreement and stipulation of parties; *Held*, To be evidence of the corporate existence of such school district at the date of such proceedings.

2.  ————: REGISTRATION CERTIFICATE: EVIDENCE. The certificate of the registration of a school district bond, endorsed on such bond, signed by the county clerk under his official seal, and dated April 9, 1874, introduced and received as evidence without objection; *Held* To be evidence of the corporate existence of the school district by which such bond purported to have been issued.

3.  ————: EVIDENCE OF VALIDITY. The official certificate of the director of a school district, that notice of a certain special school meeting held in said district was given by posting up notices of said meeting twenty days before the holding thereof, in three of the most public places in said district, which certificate was introduced and received in evidence under a stipulation of parties, in which it was recited that such "stipulation is for the purpose of using the same as testimony, instead of the

plaintiff or defendant being obliged to take depositions to prove the same ;" *Held*, To be evidence of the due publication of the notice of the calling of such special school meeting.

ORIGINAL application for mandamus.

*Dawes, Foss & Stephens*, for relator.

*Aaron Wall, Nightingale Bros.*, and *Groff & Montgomery*, for respondent.

COBB, J.

This was an original application to this court for an alternative mandamus against school district No. 7, of Sherman county, to compel the payment of certain bonds issued by said district, for the purpose of borrowing money to build and furnish a school house therein. Due service of the application and notice on the school district, as well as upon the board of county commissioners, was acknowledged by counsel in writing filed in the case.

Plaintiff, by his petition, alleged that on the 1st day of April, 1874, and for more than five months prior thereto, school district No. 7, in the county of Sherman, was a duly and legally organized school district under the laws of this state, and that, being so organized, the said school district did, on the 1st day of April, 1874, at a special meeting duly called and held according to law, and for the purpose of building and furnishing a school house in said school district, vote to borrow for the purpose aforesaid the sum of $3,500, and to issue the bonds of said district as evidence of said indebtedness. And afterwards, to-wit, on the 1st day of April, 1874, said school district board, being duly and regularly in session and capable of transacting business, and in pursuance of the vote theretofore had, executed the bonds of said school district, as follows, to-wit: Seven bonds of five hundred dollars each, payable six

years from the date thereof, with interest at the rate of ten per cent per annum, payable semi-annually, according to the coupons thereto attached, at the banking house of Saunders & Hardenburgh, New York City.   Said bonds were dated April 1, 1874, and were numbered 1, 2, 3, 4, 5, 6, and 7 respectively, and signed by W. D. Wilson, director, John A. Hendricks, moderator, and H. Croston, treasurer, of said district, and countersigned and attested by the signature of E. S. Atkinson, county clerk of said county, said county clerk certifying on said bonds that the same had been registered in his office in accordance with the provisions of an act to provide for the registration of precinct, township, and school district bonds, approved February 27, 1873, and that said law had been complied with in all respects, so as to entitle the same to registration. Said bonds were placed upon the market and sold by said school district, and out of the proceeds thereof a school house was erected and furnished in said school district, which said school district has ever since continued to use and occupy for said school district, and said school district has never had any other or different district organization than the one so as aforesaid formed.   That of said series of bonds so as aforesaid issued, negotiated, and sold, the relator purchased three bonds for $500 each, designated as numbers one, two, and three, for nearly the face of said bonds, in the due course of business, before the said bonds or any part thereof became due; that no part of the principal or interest of said bonds has been paid, except the interest coupons due prior to October 1, 1877; that plaintiff is now the owner and holder of said bonds and the unpaid interest coupons, and that there now remains due thereon the sum of fifteen hundred dollars, with interest thereon from the first day of October, 1877, at the rate of ten per cent per annum, together with said unpaid coupons with interest thereon from maturity, as the same severally became due, at the rate of ten per cent per

annum, amounting in all to the sum of three thousand
and ninety dollars, now due and unpaid; that the district
board of said school district has not at any time made a
report in writing to the county clerk of said county of the
amount of indebtedness of said school district, as required
by law, and requested said board to levy a tax to pay said
indebtedness, although by and on behalf of the relator
often requested so to do; that the relator has made de-
mand of said school district to pay the interest and prin-
cipal of said bonds as the same severally became due, but
that the said school district has ever neglected to pay the
same or any part thereof, and that, although the relator
has reported the said indebtedness of said school district to
the county clerk, and to the board of county commissioners
of said county, and to the treasurer of said county, and re-
quested them to levy and collect a tax to pay the said in-
debtedness, yet they still refuse to do so, and upon tech-
nical grounds unknown to relator, said commissioners,
said clerk, and said treasurer affirm that they would not,
even though said indebtedness were reported to them by
said district board, levy and collect a tax for such pur-
pose, and that relator is wholly remediless, etc.

There was an answer filed in the case for the school dis-
trict, denying that on the 1st day of April, 1874, said
school district No. 7, of Sherman county, was duly and
legally organized as a school district under the laws of the
state; denying that it had a corporate existence, with power
to issue bonds; that it had any power whatever to issue
bonds; denying that on the 1st day of April, 1874, a special
meeting was held, duly called according to law, for the
purpose of building and furnishing a school house in said
district and to borrow money for such purpose, and to issue
bonds of said district as evidence of said indebtedness;
denying that John A. Hendricks, W. D. Wilson, and H.
Croston were, on the 1st day of April, 1874, authorized
or had power to issue bonds described in said plaintiff's

petition; denying that said pretended bonds were regis-
tered in accordance with the provisions of an act of the
legislature to provide for the registration of precinct, town-
ship, and school district bonds, approved February 27,
1873; denying that said law had been complied with in all
respects, so as to entitle said bonds to registration; denying
that said bonds were placed upon the market and sold by
said school district, and out of the proceeds thereof a school
house was erected and furnished in said district, but al-
leging the fact to be that said district received no value
whatever for said bonds; denying that Frank Hopkins,
the relator, purchased a bond of $500, designated as No. 1
of said series, in the due course of business, before the same
became due; and denying that he is now the legal owner
and holder of said bond and said unpaid coupons, or ever
was the legal owner of said bond and said unpaid coupons,
or that he ever had any interest therein, or ever paid any
money therefor; alleging that said district did not borrow
any money from the relator or from any person or persons
as by law it might have done, or that said pretended officers
of said school district had any authority to issue any bonds
under an act to establish a system of public instruction
in the state of Nebraska, approved February 15, 1869, or
acts amendatory thereof, etc.

By stipulation of parties, signed by counsel for the re-
lator on the one part, and for the school district on the
other part, there was presented by the relator, and received
in evidence, copies of the proclamation of the director
of said school district, calling an election in said school
district for the purpose of voting upon the proposition to
issue the bonds of said school district, in the sum of $3,-
500, payable in six years from the date thereof, in New
York City, with interest at 10 per cent, payable semi-annu-
ally, and to authorize the levy of a tax, each year, to pay
the interest as the same should become due, and to author-
ize the school board of said district to contract for the

building of a school house in said district, and for purchas-
ing a site therefor.    Also of the certificate of John A. Hen-
dricks and Thomas H. Crosten, judges, and William D.
Wilson, clerk of said election, certifying that upon said
proposition to issue $3,500 in bonds to build a school
house in said school district, there were cast at said
election six votes for said proposition and no votes against
it.    Also the certificate of W. D. Wilson, director of said
district, and John A. Hendricks and Thomas H. Crosten,
members of the school board of said district, certifying to
the holding of an election in said school district on the first
day of April, 1874, for the purpose of voting three thou-
sand five hundred dollars in bonds, for the purpose of
building a school house and purchasing a site therefor, and
that "The majority of the votes cast, in said district, were
'unanimously' in favor of the bonds, being six votes polled
for the bonds, and none against the bonds."    Also, the
certificate of W. D. Wilson, director of said school district,
"that at a meeting of the qualified voters of said district,
held at the house of W. D. Wilson, on the 1st day of
April, 1874, which meeting was duly called, and notice there-
of given as by law required, by posting up notices of said
meeting twenty days before the holding thereof, in three of
the most public places in said district, the question of issu-
ing the bonds of said district for the purpose of raising
money to build and furnish a school house in said district
to the amount of thirty-five hundred dollars, in the sum of
$500 each, due in six years from date, bearing interest at
ten per cent, payable semi annually, was duly submitted to
the qualified voters, and carried, there being cast in favor
of said question six votes, and against it no votes.    * * *
That the existing debt of the said district is nothing; that
the population of said district is about fifty souls, and that
the said bonds are issued by the officers, thereunto author-
ized by law, and that their signatures are genuine."

It is recited in the said stipulation that it is made for

the purpose of using the said copies "as testimony, instead of the plaintiff or defendant being obliged to take depositions to prove the same."

The relator also introduced his own deposition, in which he deposes that he is the owner of the school district bonds upon which this action is brought, describing the same; that he purchased the said bonds before they were due, to-wit, on or about the 1st day of April, 1878, of Arnold Gregory, of Barre, Orleans county, New York, in good faith and for a valuable consideration, to-wit, the sum of fifteen hundred dollars; that he is still the owner of the said bonds, and that the whole of the principal of the said three bonds, together with the interest, as represented by the coupons remaining attached to the said bonds, is still due and unpaid.

Upon an inspection of the three bonds and eighteen interest coupons, offered in evidence by the relator and received by the court, it appears that there was due thereon, on the first day of the present term of this court, for principal and interest of said bonds and coupons the sum of three thousand and ninety-two dollars and eighty-nine cents ($3,092.89).

An endorsement on each of said bonds signed by E. S. Atkinson, then county clerk of said county of Sherman, shows that said bonds were duly registered in the bond registry of said county on the 9th day of April, 1874.

It will scarcely fail to be observed that the petition contains several quite unnecessary allegations, the issue joined by the denial of which, by the respondent, will be treated as immaterial. But of the above class, probably, cannot be included the allegation of the corporate existence of the defendant school district, at the date of the vote upon and issuance of the bonds, as set out in the petition. The plaintiff having alleged in the petition that the defendant was a duly organized school district under the laws of the state at the date of the election and issuance of the bonds,

and that allegation being denied by the defendant school district, or not being admitted, either directly or by failure to deny the same, it was necessary for the plaintiff to prove it. Under the law as it stood at the date of the proceedings involved in the case at bar, the best evidence of the corporate existence of the school district was, doubtless, the records of the county superintendent's office, together with the records of the district itself, in case it is one of those districts formed after the original division of the county into school districts. And being the best evidence, they were probably the only evidence of such fact admissible, except by agreement of parties. But in the case at bar copies of the several official certificates of the officers of the district having been presented and received by the court as evidence, upon the agreement and stipulation of the parties, and the school district appearing in the case as a corporation, without alleging or in any manner developing the date of the commencement of its corporate existence, subsequent to the date of the alleged corporate acts upon which its liability is claimed to arise, such evidence must be held to prove not only the facts therein certified to, but also the official character of the persons so certifying, and the existence of the corporation from which such official existence was necessarily derived.

In this connection it should be observed that the bonds introduced in evidence each contains on its back a certificate of the county clerk of its registration by him, under the provisions of the act of February 27, 1873. Gen. Stat., 883. This, in the absence of objection to its competency, is some evidence of the corporate existence of the school district purporting to have issued such bonds.

It must be conceded that the evidence of the due publication of the notice of the special meeting of the electors of said school district, at which the said bonds were voted, is not as formal as could be desired, but the certificate of the director of the district, that said notice was posted up in

three of the most public places in the district twenty days before the day of such special meeting and election, comes before the court as evidence, by stipulation of the parties, and therefore must be accepted as evidence of this, the most important fact which it contains.

The said certificates of the director and other officers of said school district, received in evidence upon the stipulation of the parties as aforesaid, must be accepted as sufficient evidence of the fact of the holding of said election in said district, for the issuance of bonds, of the result of said election in favor of the issuance of the bonds, of the amount thereof, and of their actual execution by the officers of said district. The presentation of said bonds and coupons by the relator, together with his deposition of the fact of their purchase by him in good faith, and their present ownership by him, sufficiently proves the allegation of the petition that the said bonds had been placed on the market and sold by the said district, as well as their purchase and ownership by the plaintiff. There being no allegation of fraud or bad faith in the issuing of said bonds, in the answer, there is no necessity of proof of want of notice on the part of the plaintiff when he purchased them.

Neither in the original or amended petitions does the relator pray for a peremptory mandamus, but in each case prays for an alternative mandamus. Yet the school district having appeared and answered to the merits, and having stipulated for the reception of certain evidence going to the merits of the case, and having accepted service of notice upon which depositions have been taken, and the cause having been in court for more than two years, and finally submitted on the merits, it is deemed unnecessary to require a further answer on the part of the defendant.

The plaintiff, both in his original and amended petitions, alleges that he " has reported the said indebtedness of said school district to the county clerk, and to the board of county commissioners of said county, and to the county

treasurer of said county, and requested them to levy and collect a tax to pay said indebtedness, yet they still refuse so to do; and upon technical grounds unknown to petitioner, the said commissioners and said clerk and treasurer affirm that they would not, even though said indebtedness were reported to them by said district board, levy and collect a tax for such purpose."

The county commissioners of Sherman county having by counsel accepted service of the petition, and waived copy and notice, and all irregularities and informalities, and W. A. Wilson, county treasurer, and John Wall, county clerk, having personally signed and joined in such acceptance and waiver, they may, by a liberal construction, be considered parties to this proceeding, although not named in the caption.

A peremptory mandamus will therefore issue to said school district, the said board of county commissioners, the county clerk, and treasurer of said county of Sherman, commanding the said school district and the school district board thereof, to make a report in writing to the county clerk and board of county commissioners of said county of the amount of indebtedness of said school district, upon the bonds and coupons of the relator, as hereinbefore ascertained and found, and of the amount of tax necessary to be levied to pay said indebtedness; commanding said board of county commissioners to levy a tax upon all taxable property of said school district No. 7 sufficient to pay said indebtedness, together with interest on two thousand eight hundred and eighty-nine and $\frac{17}{100}$ dollars thereof from the 4th day of January, 1887, at the rate of ten per cent per annum, and on two hundred and three and $\frac{72}{100}$ dollars thereof at the rate of seven per cent per annum, or, in the event that such tax should be so large as to be, in the opinion of said board of county commissioners, grievously burdensome, that they levy a tax sufficient to pay one-third of said indebtedness the first year, and continue to levy an equal amount annu-

State v. School District.

ally thereafter until all of said indebtedness and interest thereon as aforesaid is paid in full; commanding said county treasurer to collect such tax and retain the same in a special fund, and so often as one hundred dollars are paid in, to pay the same to the clerk of this court in liquidation of said indebtedness of the relator as aforesaid, and commanding the said county clerk, as well as the said county treasurer and board of county commissioners, and each of them, that they and each of them severally and collectively do and perform each and every act necessary to be done and performed in order to levy and collect said tax, and pay said indebtedness of the relator as aforesaid.

JUDGMENT ACCORDINGLY.

THE other judges concur.